UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES,<br><br>        Plaintiff,<br><br>    v.<br><br>MUSA DAJANI, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-1702 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR STAY**<br><br>**(Docket No. 22)** |

        Plaintiff Greg Hayes has asked the Court to stay proceedings in this case pending his release from county jail. Defendants Musa and Khaled Dajani oppose a stay in principle because the case puts "a cloud over their good names and reputations," Defs.' Resp. at 2, but state that they are willing to agree to a limited stay no longer than forty-five days.

        "A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. State of Cal.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In assessing the propriety of a stay under *Landis*, a court must balance the length of the delay against the justifications for the stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). More particularly, the court must examine

> the competing interests which will be affected by the granting or refusal to grant a stay . . . . Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

United States District Court
For the Northern District of California

*Lockyer*, 398 F.3d at 1110 (internal quotation marks omitted).

Taking into account the above factors, the Court concludes that a stay is appropriate. While the Court is not unsympathetic to the Dajanis' position, in the absence of more concrete proof that this litigation is actually harming their reputations, it cannot say that a stay will cause them damage. *Cf. Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (stating that "being required to defend a suit [if the stay is vacated], does not constitute a clear case of hardship or inequity within the meaning of *Landis*") (internal quotation marks omitted). As for hardship to Mr. Hayes, he has made an adequate showing since his current incarceration clearly impacts his ability to move forward with the case. Finally, the judicial economy factor is effectively neutral. On the one hand, the state criminal proceedings will not resolve any issues in this case, which is a copyright infringement action. On the other hand, the orderly course of justice weighs in favor of a stay because, as a practical matter, Mr. Hayes cannot prosecute this copyright infringement case while incarcerated.

Accordingly, the Court grants Mr. Hayes's request for a stay. The Court shall stay proceedings for sixty (60) days from the date of this order. If Mr. Hayes is still incarcerated after the sixty days expire, then he may apply to this Court for an additional stay.

A copy of this order shall be served on Mr. Hayes at his address of record *and* at the county jail where he is currently incarcerated.

IT IS SO ORDERED.

Dated: September 21, 2011

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES, | No. C-11-1702 EMC |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| MUSA DAJANI, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Hayes
381 Oak Street
San Francisco, CA 94102

Greg Hayes
SF #554957
CJ5 4B-4
P. O. Box 67
San Bruno, CA 94066

Dated: September 21, 2011

*Betty Lee* (signature)

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

3