UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREG HAYES,

          Plaintiff,

    v.

MUSA DAJANI, *et al.*,

          Defendants.

_____/

No. C-11-1702 EMC

**ORDER RE PLAINTIFF'S FILING OF SEPTEMBER 21, 2011**

**(Docket No. 34)**

On September 21, 2011, this Court issued an order granting Plaintiff Greg Hayes's request to stay the litigation because of his incarceration. *See* Docket No. 30 (order). On the same day, Mr. Hayes submitted a brief in response to the Court's order of September 16, 2011, in which it conditionally denied Mr. Hayes's motion for a preliminary injunction. *See* Docket No. 23 (order). Although the case has now been stayed, the Court shall still address the merits of Mr. Hayes's brief as it relates to his prior motion for a preliminary injunction.

In his brief, Mr. Hayes asserts that he is "bring[ing] the *exact same* motion [for a preliminary injunction] as before" and "[u]sing the *exact same legal* arguments." Mot. at 11 (emphasis in original). Mr. Hayes, however, is not entitled to do that. The Court has already issued its order on his motion for a preliminary injunction. Mr. Hayes, however, may ask the Court to reconsider its decision, *see* Civ. L.R. 7-9, and, accordingly, the Court shall construe his brief as such a motion. Having reviewed Mr. Hayes's brief and the accompanying submission, the Court hereby **DENIES** the request for relief.

As a preliminary matter, the Court notes that a party must obtain leave to file a motion for reconsideration. *See* Civ. L.R. 7-9(a) (providing that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion"). To obtain leave, a party must specifically show, *e.g.*, that "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). Mr. Hayes has failed to meet this standard. In fact, the Court notes that Mr. Hayes failed to file any reply to the opposition brief filed by Defendants Musa and Khaled Dajani. Although the Court appreciates that Mr. Hayes was arrested on or about August 18, 2011, *see* Docket No. 22 (letter from Mr. Hayes, stating he was arrested on that date), he still have could filed a reply brief of some kind from the county jail (even if untimely) as evidenced by the letters which the Court has received from Mr. Hayes while he has been incarcerated.

Furthermore, even if the Court were to grant leave to file the motion for reconsideration, Mr. Hayes's motion to reconsider still fails on the merits. First, Mr. Hayes's argument of substantial similarity based on the Dajanis' use of solid enclosing planter walls is doubtful. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (noting that a plaintiff must establish substantial similarity under both an extrinsic test and an intrinsic test; the extrinsic test is an objective comparison of specific expressive elements while the intrinsic test if a subjective comparison focusing on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel). Thus, it is questionable whether Mr. Hayes has adequately shown a likelihood of success on the merits or even serious questions going to the merits, a necessary prerequisite to obtain preliminary injunctive relief. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2007) (discussing likelihood of success on the merits).

Second, even if there were substantial similarity, preliminary injunctive relief may be issued only where, in the absence of such relief, there is a likelihood of irreparable injury. *See id.* (noting that, to obtain a preliminary injunction, a plaintiff must establish that irreparable harm is likely, and not just possible). To the extent Mr. Hayes contends (as he did in his original motion for a preliminary injunction) that irreparable harm can be *presumed* upon a showing of a reasonable likelihood of success, the Ninth Circuit has concluded in a recently issued opinion that that

presumption is no longer applicable. More specifically, the court held that "[its] long standing rule that '[a] showing of reasonable likelihood of success on the merits in a copyright infringement claim raises a presumption of irreparable harm' 'is clearly irreconcilable with the reasoning' of the [Supreme] Court's decision in *eBay* and therefore been 'effectively overruled.'" *Perfect 10, Inc. v. Google*, No. 10-56316, 2011 U.S. App. LEXIS 15913, at *12 (9th Cir. Aug. 3, 2011) (explaining that the presumption is inconsistent with the principles of equity set forth in *eBay*). Because the presumption of irreparable harm no longer exists, even if Mr. Hayes showed a likelihood of success on the merits (*i.e.*, based on substantial similarity), he must still show in addition a likelihood of irreparable harm. Ultimately, the only harm Mr. Hayes has identified is a failure to pay him money. Under well-established case law, monetary damages typically do not constitute irreparable harm. *See Lydo Enters. v. Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (stating that "[p]urely monetary injuries are not normally considered irreparable"); *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (noting that the temporary loss of income does not usually constitute irreparable injury).

Accordingly, Mr. Hayes's motion for leave to file a motion for reconsideration is denied.

As a final point, the Court notes that the Dajanis have now filed the declarations required by the Court in its order conditionally denying the motion for a preliminary injunction. *See* Docket Nos. 28-29 (declarations). In light of those declarations, the Court reaffirms its denial of Mr. Hayes's motion.

This order disposes of Docket No. 34.

IT IS SO ORDERED.

Dated: September 28, 2011

_____
EDWARD M. CHEN
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREG HAYES,  
         Plaintiff,  
   v.  
MUSA DAJANI, *et al.*,  
         Defendants.  
_____/

No. C-11-1702 EMC

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Hayes  
381 Oak Street  
San Francisco, CA 94102

Greg Hayes  
SF #554957  
CJ5 4B-4  
P. O. Box 67  
San Bruno, CA 94066

Dated: September 28, 2011

Richard W. Wieking, Clerk  
By: Betty Lee, Deputy Clerk

4