UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES,<br><br>        Plaintiff,<br><br>    v.<br><br>MUSA DAJANI, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-1702 EMC<br><br>**ORDER RE PLAINTIFF'S FILINGS OF DECEMBER 1, 2011 AND DECEMBER 14, 2011**<br><br>**(Docket Nos. 46, 47)** |

       Plaintiff Greg Hayes has filed two sets of papers with the Court, the first on December 1, 2011, and the second on December 14, 2011. The Court addresses each filing below. The Court also addresses the issue of a stay.

A.    <u>December 1 Filing</u>

       It is not clear what relief, if any, Mr. Hayes is seeking with the December 1 filing. To the extent Mr. Hayes is asking the Court to reconsider its order denying his motion for preliminary injunction, the motion is denied.

       The Court shall assume, as Mr. Hayes implicitly suggests, that Defendants failed to serve their opposition to the preliminary injunction motion back in August 2011. Assuming such, it is fair for the Court to consider any arguments that Mr. Hayes now has, *i.e.*, now that he has received a copy of the opposition and had an opportunity to review its contents. Mr. Hayes's only contention seems to be that Defendants used his copyrighted drawing to obtain a permit from the Planning Department. Even if true, the fact remains that Defendants "changed the design before building," as

Mr. Hayes admits in a prior paper filed with the Court. Docket No. 22 (Letter at 5). The parklet that was ultimately built did not contain the characteristics which Mr. Hayes initially claimed demonstrated the originality of his drawing – *i.e.*, curved corners and/or a curved central feature. Thus, even if Defendants used Mr. Hayes's copyrighted drawing to obtain the permit (the alleged infringement), there is no basis to stop the construction of and/or tear down the parklet that has now been built, which is not based on the copyrighted drawing. To the extent Mr. Hayes argues that the parklet that has been built is also infringing because of the use of solid enclosing planter walls, the Court has already concluded that that argument of substantial similarity is doubtful. *See* Docket No. 35 (Order at 2) (noting that a plaintiff must establish substantial similarity under both an extrinsic test and an intrinsic test). Mr. Hayes has not tendered any argument to convince the Court that that conclusion was erroneous.

Accordingly, the Court denies the motion to reconsider its denial of the preliminary injunction. Although the Court is denying the motion, it shall still order Defendants to file a proof of service establishing that they served, *back in August 2011*, the opposition to the preliminary injunction motion. As Mr. Hayes argues, it appears that no proof of service is currently a part of the record. **Defendants shall file the proof of service within three days of the date of this order.**

B.   December 14 Filing

In the December 14 filing, Mr. Hayes asks for "a list of all documents in the case record at this time" as well as copies of various documents that are a part of the case file. Docket No. 47 (Req. at 1). The Clerk of the Court has already sent a copy of the docket sheet to Mr. Hayes. To the extent Mr. Hayes wants copies of documents that make up the case file, the request is denied. As the Court has previously noted, Mr. Hayes in forma pauperis status entitled him to a waiver of the filing fee only. *See* Docket No. 23 (Order at 3). To the extent Mr. Hayes is now offering to pay for copies, he must identify *by docket number* the documents that he wants copied. Mr. Hayes's description of the documents is not sufficient. Once Mr. Hayes identifies the documents by docket number, then the Clerk of the Court can inform Mr. Hayes what the cost of copying those documents will be (cost is $0.50 per page).

1    Because the Court is not unsympathetic to Mr. Hayes's circumstances, it shall – as a one-
time courtesy – provide some of the documents which he appears to want copied. Those documents are attached to this order. *See* Docket No. 1, at 9-10; Docket No. 2, at 5-14; Docket No. 10, at 1-10.

C.   Stay

Previously, the Court stayed the proceedings in this case because of Mr. Hayes's incarceration. That stay expired on or about November 21, 2011. A case management conference is scheduled in this case for January 6, 2011. Defendants have already submitted a statement for that conference, in which they oppose any further stay "on the grounds that the Complaint is without merit and Defendants, who operate business establishments in San Francisco, are very concerned about having a federal court case pending against them." Docket No. 48 (St. at 3).

The Court has serious concerns about not extending the stay in light of the fact that Mr. Hayes has now been involuntarily committed to the Napa State Hospital. Moreover, the prejudice identified by Defendants is not, at least at this juncture, significant. The case has been pending for less than a year. Given these circumstances, the Court shall stay the case until January 6, 2011, *i.e.*, the day of the case management conference. At that point, the Court shall address whether the stay should be continued past that date. **No later than December 30, 2011, Mr. Hayes shall file and serve a statement as to whether he believes a stay should be continued and, if so, the reasons why. In the same statement, Mr. Hayes should indicate whether he will be able to participate in the case management conference (on January 6, 2011, at 9:00 a.m.) by telephone. If so, he shall provide a telephone number where he can be reached on that date and time.**

IT IS SO ORDERED.

Dated: December 21, 2011

_____
EDWARD M. CHEN
United States District Judge

3