UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSA DAJANI, *et al.*,<br><br>    Defendants.<br>_____/ | No. C11-1702 EMC<br><br>**AMENDED ORDER TO SHOW CAUSE**<br>**(With correct inmate number in San Francisco Jail on Certificate of Service)** |

    Previously, the Court issued an order staying proceedings in this case until August 9, 2012 and set a Case Management Conference for August 31, 2012 at 10:30 a.m. In the same order, the Court ordered the parties to file a joint statement one week prior to the conference. *See* Docket No. 73 (order). Mr. Hayes did not file any statement with the Court prior to the conference. Nor did Mr. Hayes make a telephonic appearance at the conference or contact the Court prior to the conference to excuse his attendance. Defendants filed a separate statement on August 23, 2012. *See* Docket No. 77 (attached hereto).

    In light of these circumstances and the fact that this case has been pending for over 16 months without any meaningful prosecution, the Court hereby orders Mr. Hayes to show cause as to why his case should not be dismissed (*without* prejudice) for failure to prosecute particularly since defendants agree that the period in which this suit remains pending in this Court shall be tolled with respect to the statute of limitations.

1     Mr. Hayes shall file and serve a response to this order to show cause within three weeks of
2 the date of this order. Defendants shall have one week thereafter to file a reply. No further briefing
3 shall be permitted. **Mr. Hayes is forewarned that, if he fails to file a timely response to this**
4 **order to show cause, the Court shall dismiss this case (*without* prejudice) and order the Clerk**
5 **of the Court to close the file.**

7     IT IS SO ORDERED.

9 Dated: September 4, 2012

                                                  _____
                                                  EDWARD M. CHEN
                                                  United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES, | No. C-11-1702 EMC |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| MUSA DAJANI, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Greg Hayes
381 Oak Street
San Francisco, CA 94102

Greg Hayes
SF #554957
CJ5 4B-4
P. O. Box 67
San Bruno, CA 94066

**Greg Hayes**
#: 554957
San Francisco County Jail
850 Bryant Street, CJ3
San Francisco, CA 94103

Dated: September 4, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

3

Ronald L. Richman, SBN 139189
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: ron.richman@bullivant.com

Attorneys for Defendants Musa Dajani, an individual; Khaled Dajani, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES, <br><br> Plaintiff, <br><br> v. <br><br> MUSA DAJANI, an individual; KHALED DAJANI, an individual, <br><br> Defendants. | Case No.: CV 11 1702 EMC <br><br> **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: August 31, 2012 <br> Time: 10:30 a.m. <br> Ctroom: 5, 17th Floor, <br> Hon. Edward M. Chen |

Defendants Musa Dajani and Khaled Dajani file this case management conference statement.

A. **Background**

Plaintiff Greg Hayes filed this action on April 6, 2011. This case has now been pending for over sixteen months. This Court denied Plaintiff's motion for a preliminary injunction on the grounds that "the parklet that was constructed does appear to be markedly different from the drawing in that it does not contain curved corners nor a curved central feature – characteristics which Mr. Hayes claims demonstrate the originality of his design."[1]

Plaintiff is still incarcerated apparently awaiting trial on felony cyberspace crimes and possibly other charges, including misdemeanor battery and violations of restraining orders.[2] In

---

[1] See August 19, 2011 Order re Plaintiff's Motion for Preliminary Injunction at pg. 2 lines 8-11.

[2] See Plaintiff's January 4, 2011 Motion to Amend where Plaintiff references misdemeanor battery charges along with several restraining orders against him.

– 1 –

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT

1 Plaintiff's most recent filing dated July 31, 2012, Plaintiff advises that his recent trial date was
2 vacated because of claims by the District Attorney that Plaintiff Hayes is incompetent to stand
3 trial. Plaintiff was previously involuntarily committed to Napa State Hospital because of
4 concerns over his mental competency.

5 Plaintiff has not informed this Court as to the specific nature of the charges and how
6 many charges he faces. At this point in time, according to Plaintiff, once again his criminal
7 proceedings have been vacated pending what appears to be another incompetency hearing.
8 Plaintiff remains incarcerated for an indefinite period of time.

9 Defendants have received a series of letters from Plaintiff Greg Hayes, all of which have
10 he has identified as being written under the protection of FRE 408. In deference to Plaintiff,
11 counsel for Defendants will not disclose the contents of the letters, but will advise the Court that
12 the letters are very troublesome in that they are long, rambling, for the most part, nonsensical,
13 and counsel for Defendant has a real concern that Plaintiff is suffering from mental illness.

14 Counsel for Defendants will turn these letters over to the Court for an en-camera review
15 if instructed by this Court, not for the purpose of advising the Court as the nature of any
16 settlement offer by Plaintiff, but to demonstrate why counsel for Defendants believes that
17 Plaintiff is suffering from mental illness which makes these proceedings that much more
18 difficult for Defendants and this Court.

19 **B.    Plaintiff's Motion to Amend The Complaint**

20 In this Court's Order Deferring Plaintiff's Motion For Leave To Amend, this Court
21 asked for input as to how the Court should proceed with the case assuming Plaintiff continues to
22 be incarcerated and whether it is feasible for the Court to adjudicate the motion should Plaintiff
23 continue to be incarcerated. Defendants will discuss both issues, starting with Plaintiff's Motion
24 for Leave To Amend Complaint.

25 / / /
26 / / /
27 / / /
28

1. **Plaintiff's Motion for Leave To Amend Complaint**

On January 4, 2012[3] Plaintiff filed his Motion for Leave to Amend Complaint ("Motion for Leave"). The Motion for Leave is particularly difficult to understand as Plaintiff, for the most part, talks about his criminal proceedings including misdemeanor battery charges, undisclosed felony charges, restraining orders placed against him, incompetency hearings in his criminal proceedings, forced medication, conspiracy, etc. There is nothing in the Motion for Leave that explains, in sufficient coherent detail, just what Plaintiff is attempting to add to the civil complaint, other than vague references to a conspiracy by Defendants and unnamed agents or associates which resulted in Plaintiff's criminal charges/arrest and competency hearings, all of which pertain to his criminal proceedings. Plaintiff did not prepare a proposed amended complaint, so Defendants have no idea what this amended complaint will look like and whether the amendment will even form a basis for a cause of action against Defendants.

Based on the information in the Motion for Leave, there does not appear to be any additional facts that would support a viable claim for relief against Defendants. Defendants assert this alone should be sufficient grounds for denying the motion. If this Court is not inclined to deny the Motion for Leave based on the initial filing, Defendants request that this Court issue an Order requiring Plaintiff to submit his proposed Amended Complaint so that Defendants have the ability to provide a meaningful opposition.

2. **Plaintiff's Continued Incarceration**

Sixteen months after this complaint was initially filed, Plaintiff is still incarcerated, facing additional hearings to determine his mental competency, and there is no end in sight.

Counsel for Defendants recommend that this Court dismiss the action, without prejudice, under FRCP 41(b); see also *Sturgeon v. Airborne Freight Corp.* 778 F.2d 1154, 1159 (5th Cir. 1985) where the Court recognized the inherent power of the District Court to effectuate an involuntary dismissal, without prejudice, under FRCP 41(b). Pursuant to FRCP 41(b),

---

[3] The file date stamp incorrectly states January 4, 2011.

1 | Defendants can agree, and will agree, that this involuntary dismissal, without prejudice, is not
2 | an adjudication of this matter on the merits.
3 |     Because of the uncertainty as to Plaintiff's pending criminal trial, Defendants do not
4 | agree to toll the statute of limitations any further, but will agree that the statute of limitations
5 | was tolled as of the filing of the Complaint, April 6, 2011, through the date that this Court issues
6 | an Order dismissing this case, without prejudice, at which time, the statute of limitations will
7 | continue to run.
8 | DATED: August 23, 2012

                                 BULLIVANT HOUSER BAILEY PC

                                 By _____/s/_____
                                    Ronald L. Richman

                                 Attorneys for Defendants Musa Dajani, an
                                 individual; Khaled Dajani, an individual

13855462.1

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
|----|---|
| 1  | **PROOF OF SERVICE** |
|    | *Hayes v. Dajani, et al.* |
| 2  | U.S.D.C. (N.D. Cal.) No. CV 11-1702 EMC |
| 3  | I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of eighteen (18) and not a party to this action. On August 23, 2012, I served the document entitled: |
| 4  | |
| 5  | |
| 6  | **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT** |
|    | upon the following party: |
| 7  | |

| GREG HAYES<br>381 Oak Street<br>San Francisco, CA  94102 | GREG HAYES<br>#554957<br>San Francisco County Jail<br>850 Bryant Street, CJ3<br>San Francisco, CA 94103 |
|---|---|

(x)  **BY MAIL (CCP §1013(a))**: I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service. I placed a true and correct copy of the above-titled document in an envelope addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope and placed it for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

( )  **BY ELECTRONIC TRANSFER**: I caused all of the pages of the above-entitled document to be sent to the recipient indicated via email at the respective email addresses. This document was transmitted by email and transmission reported without error.

( )  **BY FACSIMILE TRANSMISSION (CCP §1013(e), CRC 2.306)**: I transmitted the document by facsimile transmission by placing it in a facsimile machine (telephone number 415-352-2701) and transmitting it to the facsimile machine telephone number listed above. A transmission report was properly issued by the transmitting facsimile machine. The transmission was reported as complete and without error. A true and correct copy of the transmission report is attached hereto.

( )  **BY OVERNIGHT DELIVERY (CCP §1013(c))**: I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery. I placed a true and correct copy of the above-titled document in an envelope addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope and placed it for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

( )  **BY PERSONAL SERVICE UPON AN ATTORNEY (CCP §1011(a))**: I placed a true and correct copy of the above-titled document in a sealed envelope addressed as indicated above. I delivered said envelopes by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was present, by

– 5 –

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT

leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

( ) **BY HAND** Pursuant to Code of Civil Procedure §1011, I directed said envelope to the party so designated on the service list to be delivered by courier this date. A proof of service by hand executed by the courier shall be filed/lodged with the court under separate cover.

( ) **BY PERSONAL SERVICE UPON A PARTY (CCP §1011(b))**: I placed a true and correct copy of the above-titled document in a sealed envelope addressed as indicated above. I delivered each envelope by hand to a person of not less than eighteen (18) years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury, in accordance with 28 U.S.C. §1746 and the laws of the State of California, that the foregoing is true and correct.

Executed on August 23, 2012, at San Francisco, California.

_____
Terry S. Bremer