UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG HAYES, | No. C-11-1702 EMC |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| MUSA DAJANI, *et al.*, | |
| Defendants. _____/ | |

Previously, the Court issued an order, instructing Plaintiff to show cause why his case should not be dismissed without prejudice for failure to prosecute. *See* Docket No. 82 (order to show cause). Plaintiff filed a response on September 25, 2012. *See* Docket No. 86 (response).

Having reviewed the response, the Court hereby concludes that a dismissal of the case – without prejudice – is appropriate. In his response, Plaintiff does nothing to explain why he has failed to prosecute the case. Rather, he has simply continued to make allegations that Defendants are engaged in a conspiracy with other individuals, ranging from an ex-girlfriend to a state prosecutor. These allegations are far afield from his original action for copyright infringement. More important, these allegations are entirely speculative and fanciful. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (noting that while "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face'"); *see also Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992) (noting that "the in forma pauperis statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless'" – *e.g.*, "'claims describing fantastic or delusional scenarios'").

In light of Plaintiff's inadequate response to the order to show cause and the length of time this case has remained pending, the Court dismisses the case. The dismissal shall be, as proposed by Defendants, (1) without prejudice and (2) subject to the condition that the statute of limitations is deemed tolled during the entirety of the period that this action has been pending. **Plaintiff is forewarned, however, that, upon entry of the judgment, the statute of limitations shall re-commence to run.** Upon dismissal, Plaintiff is no longer afforded Court-ordered tolling but rather will have to rely on any tolling that might be available to him based on the applicable law.

The Court notes that dismissal on the above terms is fair as it, in essence, puts Plaintiff back in the position that he was in before he initiated this lawsuit. Because the dismissal is without prejudice, Plaintiff is not barred from bringing a new timely action based on the same underlying events.

Accordingly, the Court hereby finds that Plaintiff has failed to discharge the order to show cause and that a dismissal on the terms stated above is appropriate. The Clerk of the Court is instructed to enter judgment in accordance with the above and close the file in this case.

IT IS SO ORDERED.

Dated: October 3, 2012

_____
EDWARD M. CHEN
United States District Judge